UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALEXIS RINCON-CORRALES, | Case No.: 2:25-cv-00801-APG-DJA |
| Plaintiff | **Order Transferring Case** |
| v. | |
| KRISTI NOEM, et al., | |
| Defendants | |

    Alexis Rincon-Corrales petitions for a writ of habeas corpus and moves for an emergency temporary restraining order (TRO) based on his transfer from Immigration and Customs Enforcement (ICE) detention in Las Vegas, Nevada to Otero County, New Mexico. Because Rincon-Corrales was already in New Mexico when he filed his habeas petition, the District of New Mexico is the district with jurisdiction over his custodian, so that is where Rincon-Corrales must file his habeas petition. I transfer this case to the District of New Mexico because it is in the interest of justice to do so.

    Rincon-Corrales is a citizen of Mexico residing in the United States. He was arrested and charged with several misdemeanors in Las Vegas on April 5, 2025. That case closed on May 6, and ICE took him into custody the following day pending removal proceedings. Rincon-Corrales sought release on bond prior to his removal hearing and had a hearing set for May 9 in the Las Vegas Immigration Court. On May 6, however, ICE transferred Rincon-Corrales to Otero County Processing Center in New Mexico and all scheduled immigration court hearings were cancelled. Rincon-Corrales filed this petition the following day.

    Federal courts may grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). This language requires "nothing more than that the court issuing the writ have

jurisdiction over the custodian." *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quotation omitted). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. These "district of confinement and immediate custodian rules are firmly entrenched in the law of [the Ninth] and other circuits." *Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024). These rules apply to immigrant detainees challenging their present physical confinement. *Id.* at 1198.

Rincon-Corrales' petition is a core habeas matter falling under § 2241 because it challenges his present physical confinement and seeks relief from that confinement. *See* ECF No. 1 at 9-10; *Doe*, 109 F.4th at 1193 (finding a similar petition and prayer for immigration bond hearing or release to fall within *Padilla*'s rules for core habeas). Rincon-Corrales was in New Mexico when he filed his habeas petition. The petition was filed in this court on May 7, 2025. ECF No. 1. On the face of the petition, Rincon-Corrales was transferred to Otero County Processing Center in New Mexico on May 6. *Id.* at 5. Therefore, the District of New Mexico was the proper place for Rincon-Corrales to file his habeas petition.

Whenever a civil action is filed in a district court "and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. The "general rule . . . for core habeas petitions challenging present physical confinement [is that] jurisdiction lies in only one district: the district of confinement." *Padilla*, 542 U.S. at 443. At the time Rincon-Corrales filed his petition, he was confined in New Mexico, therefore the District of New Mexico was the only district where the petition could have been brought.

I exercise my discretion to transfer this case to the District of New Mexico rather than dismissing it without prejudice because transfer is in the interest of justice. Dismissal would result in unnecessary delay while Rincon-Corrales refiled his petition in that district, and Rincon-Corrales faces impending removal. Dismissal would also create the potential for the government to transfer Rincon-Corrales to another district further frustrating his attempts to file his habeas petition. Once a petitioner has properly filed a habeas petition in the district of confinement, any subsequent transfer does not strip the filing district of habeas jurisdiction. *See Padilla*, 542 U.S. at 441 (citing *Ex parte Endo*, 323 U.S. 283 (1944)); *Ozturk v. Hyde*, No. 25-1019, --- F.4th ----, 2025 WL 1318154, at *5 (2d Cir. May 7, 2025) (noting that transferring the case confers jurisdiction as of the date the petition was filed in the transferor court, so the transferee court retains jurisdiction even if the petitioner is moved to another district).

I THEREFORE ORDER the clerk of court to transfer this case to the District of New Mexico for all further proceedings. The clerk of court is instructed to close this case after transferring it.

DATED this 8th day of May, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE